**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PLUMBERS AND STEAMFITTERS LOCAL 60**      **CIVIL ACTION NO.:**
**PENSION FUND; PLUMBERS AND**
**STEAMFITTERS LOCAL 60 HEALTH AND**      **JUDGE:**
**WELFARE FUND; PLUMBERS AND**
**STEAMFITTERS LOCAL 60 VACATION**      **MAGISTRATE:**
**FUND; PLUMBERS AND STEAMFITTERS**
**LOCAL 60 EDUCATION FUND; PLUMBERS**
**AND STEAMFITTERS LOCAL 60 401(K)**
**FUND; INTERNATIONAL TRAINING FUND;**
**P.I.P.E; and PLUMBERS AND**
**STEAMFITTERS LOCAL UNION 60**

**VERSUS**

**KSK PLUMBING MECHANICAL, LLC AND**
**KERRY DIXON**

---

**COMPLAINT**

---

Through undersigned counsel, come Plaintiffs, Plumbers and Steamfitters Local 60 Pension Fund, Plumbers and Steamfitters Local 60 Health and Welfare Fund, Plumbers and Steamfitters Local 60 Vacation Fund, Plumbers and Steamfitters Local 60 Education Fund, Plumbers and Steamfitters Local 60 401(K) Fund, Plumbers and Steamfitters Local 60 International Training Fund, P.I.P.E., and Plumbers and Steamfitters Local Union 60 who bring this complaint against KSK Mechanical Contractors, LLC, for collection of delinquent contributions and for failure to comply with the extended audit.

1

**COUNT ONE**
**BREACH OF LABOR AGREEMENT**
**AND COLLECTION OF DELINQUENT CONTRIBUTIONS**

1.

This action is brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 and 1145, and §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

2.

Subject matter jurisdiction over this complaint is conferred on this Court by 28 U.S.C. §§1331 and 1367; §502(e) of ERISA; 29 U.S.C. §1132(e); and by §301(c) of the LMRA, 29 U.S.C. §185(c). All state law claims are attached to the federal causes of action via supplemental or pendant jurisdiction.

3.

This Court has personal jurisdiction over the Defendant under §502(e) (2) of ERISA, 29 U.S.C. §1132(e) (2) and §301 of the LMRA, 29 U.S.C. §185(c).

4.

Venue is proper in the Eastern District of Louisiana, where the breach took place, and where the Defendant resides, under §502(e) (2) of ERISA, 29 U.S.C. §1132(e) (2) and §301 of the LMRA, 29 U.S.C. §185(a).

5.

Plaintiff Plumbers and Steamfitters Local 60 Pension Fund (herein "Pension Fund") is an "employee pension benefit plan" as defined in §3(2)(a) of ERISA, 29 U.S.C. §1002(3)(a), established by Plumbers and Steamfitters Local Union 60 ("Union" or "Local 60") and employers

in an industry affecting commerce, whose employees are represented in collective bargaining by the Union, for the purpose of providing pension benefits to the employees. The Pension Fund is authorized to sue in its own name by §501(d)(1) of ERISA, 29 U.S.C. §1132(d)(1). The Pension Fund is administered in Metairie, Louisiana and is located at 3515 I-10 Service Road, Metairie, Louisiana 70002.

6.

Plaintiff Plumbers and Steamfitters Local 60 Health and Welfare Fund (herein "Welfare Fund") is an "employee benefit plan" as defined in §3(1) of ERISA, 29 U.S.C. §1002(1), established by the Plumbers and Steamfitters Local 60 and employers in an industry affecting commerce, whose employees are represented in collective bargaining by the Union, for the purpose of providing health and welfare benefits to the employees. The Welfare Fund is authorized to sue in its own name by §502 of ERISA, 29 U.S.C. §1132(d)(1). The Welfare Fund is administered in Metairie, Louisiana and is located at 3515 I-10 Service Road, Metairie, Louisiana 70002.

7.

Plaintiff Plumbers and Steamfitters Local 60 Vacation Fund ("Vacation Fund") is an "employee benefit plan" as defined in §3(1) of ERISA, 29 U.S.C. §1002(1), established by the Plumbers and Steamfitters Local Union 60 and employers in an industry affecting commerce, whose employees are represented in collective bargaining by the Union, for the purpose of providing vacation benefits to the employees.  The Vacation Fund is authorized to sue in its own name by §501(d)(1) of ERISA, 29 U.S.C. §1132(d)(1). The Vacation Fund is administered in Metairie, Louisiana and is located at 3515 I-10 Service Road, Metairie, Louisiana 70002.

8.

Plaintiff Plumbers and Steamfitters Local 60 Education Fund ("Education Fund") is an employee welfare benefit fund within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1), having been organized pursuant to §302(c)(6) of the LMRA, 29 U.S.C. §186(c)(6). The Fund is administered in Metairie, Louisiana and is located at 3515 I-10 Service Road, Metairie, Louisiana 70002.

9.

Plaintiff Plumbers and Steamfitters Local 60 D.C. 401(k) Fund ("401(k)") is a multiemployer plan within the meaning of 29 U.S.C. §1002(37), having been organized pursuant to §302(c)(6) of the LMRA, 29 U.S.C. §186(c)(6).  The Fund is administered in Metairie, Louisiana and is located at 3515 I-10 Service Road, Metairie, Louisiana 70002.

10.

Plaintiff United Association International Training Fund is an employee welfare benefit fund within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1), having been organized pursuant to §302(c)(6) of the LMRA, 29 U.S.C. §186(c)(6). The Fund is administered in Three Park Place, Annapolis, Maryland 21401.

11.

Plaintiff Piping Industry Promotion and Education Trust a/k/a P.I.P.E. is an industry advancement Trust Fund and labor management cooperation committee that qualifies under IRC 501(c)(6) as a tax-exempt entity. P.I.P.E. is located at 4504 Shores Drive, Metairie, Louisiana 70002.

12.

Plaintiff Plumbers and Steamfitters Local Union 60 is a labor organization within the meaning of §2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and an employee organization within the meaning of §3(4) of ERISA, 29 U.S.C. § 1002(4). Local 60 is located at 3515 I-10 Service Road, Metairie, Louisiana 70002.

13.

Defendant, KSK PLUMBING MECHANICAL, LLC ("KSK"), is a Louisiana Limited Liability Company. It has been at all material times an "employer" within the meaning of §2(2) of the NLRA, 29 U.S.C. §152(2), and §3(5) of ERISA, 29 U.S.C. 1002(5). It has at all material times been engaged as a contractor or subcontractor in the industry of residential and commercial plumbing, pipefitting and HVAC, and as such, has been and continues to be an employer in the "industry affecting commerce" as defined in §3(12) of ERISA, and 29 U.S.C. §1002(12). It is domiciled and does business out of an office and facility located in Metairie, Louisiana. KSK may be served by delivering a copy of the summons to its registered agent for service of process, Kerry Dixon, 3650 Airline Drive, Suite B, Metairie, Louisiana 70001.

14.

Defendant, KERRY DIXON, a domiciliary of Jefferson Parish, is a principal and to the best knowledge and belief of the Plaintiffs, the sole or controlling owner of KSK Plumbing Mechanical, LLC and has exercised control and continues to exercise control over the contributions due each Plaintiff, which are Plan assets of each Plaintiff. He may be served at his registered address 3650 Airline Drive, Suite B, Metairie, Louisiana 70001.

15.

On October 3, 2016, Kerry Dixon, owner of KSK Plumbing Mechanical, LLC, entered his company into a Collective Bargaining Agreement ("Working Agreement") between Plumbers & Steamfitters Local Union 60 (AFL-CIO) and the Mechanical Contractors Association of Louisiana, INC. (Exhibit A). The effective dates of the Agreement were June 1, 2015 through May 31, 2018. The Agreement has been renewed pursuant to Article XXX of the Working Agreement, which provides for automatic renewal each year thereafter unless ninety (90) days written notice is given, and as such is currently in effect.

16.

As a party to this Working Agreement, KSK is bound by the Plan and Declaration of Trusts and all rules and regulations covering the Welfare Fund and Pension Fund.

17.

In addition, KSK agreed to be bound by the Working Agreement and Declarations of Trust and Plan Documents of the Funds, which require KSK to pay fringe benefit contributions to the Trust Funds at an hourly rate for all Foremen, Journeymen and Apprentices. KSK is required to remit contributions and send weekly reports to the Trust Funds' Administrative Office no later than the seventh (7th) day of the close of weekly payroll.

18.

The "wage addendum" to the Working Agreement obligates KSK to continue hourly contributions on behalf of covered employees, which have been scheduled to increase throughout the term of the Working Agreement.

19.

The Funds have the right to engage in periodic audits of their signatory contractors in order to ensure compliance with the terms of the labor agreements, Trust Documents, and the Funds' Payroll Audit Procedures.

20.

Pursuant to the terms of the Working Agreement and Trust Agreements, on July 13, 2017, the Funds sought to perform a payroll compliance audit be conducted for KSK, covering the period from November 1, 2016 through June 30, 2017.

21.

On February 8, 2018, the Funds' auditor, Pedelahore & Associates, performed the payroll audit, which revealed under reported hours and a delinquency of contributions totaling $43,326.40 along with interest in the amount of $8,851.73 and liquidated damages of $1,735.62 for a total delinquency of $53,913.75. (Exhibit B).

22.

On February 15, 2018, KSK was notified of the audit results and request was made for payment of the amounts owed to the Funds.

23.

KSK contacted the Funds' counsel and advised that two employees listed on the audit report are "non-union;" and therefore, he does not intend on paying contributions owed on those employees. The Funds and Local 60 advised KSK that membership in a labor organization could not, under the law or contract, be the basis for determining covered employment and

that contributions were owed on these employees because they had been performing and continue to perform work covered under the working agreement.

24.

Kerry Dixon claimed that one of the two employees, Michael Cheneau, had never performed covered work and requested that he be removed from the audit accordingly. The Funds advised that if Michael Cheneau were to complete an affidavit to this effect he would be removed, and the audit adjusted.

25

Kerry Dixon also indicated that he intended to pay the adjusted amount of delinquent contributions in full and requested to make the payment in two lump sums. The Funds agreed to this request.

26.

Pedelahore & Associates adjusted the payroll audit to remove Michael Cheneau, which reduced the amount of delinquent contributions owed to $33,529.31, the interest to $6,583.36 and liquidated damages to $1,287.44 for a total delinquency of $41,400.11. The cost of the updated audit requested by Kerry Dixon was $1,700. After a $224.80 credit for over-reported fringes, the adjusted amount due by KSK totaled $41,175.31. (Exhibit C).

27.

On or about May 14, 2018, the adjusted audit was provided to Kerry Dixon. Pursuant to the terms of the agreement between the Funds and Kerry Dixon, he was to submit the completed affidavit and remit half of the updated amount to the Funds.

28.

KSK failed to return the affidavit to the Funds or to pay the first installment payment; accordingly, a demand letter was sent to Kerry Dixon on or about June 5, 2018, advising that KSK must return the completed affidavit and remit the first payment of $20,587.65 within ten days from the date of the demand letter. The letter further provided that failure by KSK to abide by the terms of the demand would result in the Funds pursuing the original audit amount as the Trustees as fiduciaries are obligated by law to collect all assets owed to the Funds (Exhibit D).

29

On June 13, 2018 a demand letter was sent to KSK advising that because of KSK's failure to respond to the previous requests, the original audit amount was being sought as well as compliance with the extended payroll audit (Exhibit E).

30.

KSK has not returned the affidavit or remitted any payments to the Funds. Accordingly, KSK presently owes the Funds the original amount of delinquent contributions for the period November 2016 through June 30, 2017.

**COUNT TWO**
**FAILURE TO COMPLY WITH EXTENDED AUDIT**

31.

Plaintiffs repeat and reiterate all the allegations previously set forth herein.

32.

Pursuant to the terms of the Pre-hire Agreement and Trust Agreements, the Funds sought to perform a payroll compliance audit for KSK to be conducted covering the period from July 1, 2017 through May 31, 2018.

33.

Despite the demands seeking compliance, KSK has failed to cooperate and provide adequate payroll records for the Funds' auditor to determine whether any amounts are properly due to the Funds for the period from July 1, 2017 through May 31, 2018.

34.

Upon information and belief, since entering into the Working Agreement, KSK has failed to remit fringe benefit contributions on all its employees performing covered work.

35.

The Funds seek an extended payroll audit covering the period for which KSK has been party to the Agreement but has yet to be audited, from July 1, 2017 through May 31,2018.

**COUNT THREE**
**FAILURE TO PAY WAGES UNDER THE LOUISIANA WAGE CLAIM ACT**

36.

Plaintiffs repeat and reiterate all the allegations previously set forth herein.

37.

Jurisdiction of this count is based the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and LA R.S. 23:631 - 640.

38.

Under the Working Agreement, KSK must withhold or deduct, after tax, from its employee's wages $1.00 per hour, $2.00 per overtime hour for the Vacation Fund, and $1.02 per hour for Union dues.

39.

The Vacation deductions and Union dues are deferred compensation and constitute wages.

40.

LSA R.S. § 23:640 mandates:

Any and all amounts payable by employers under collective bargaining agreements with any labor organization for vacation, health and welfare, pension, apprenticeship and training, supplemental unemployment benefits, or any other fringe benefits considered as wages by the secretary of labor in determining prevailing wage rates shall be considered and treated as wages due by employers under R.S. 23:631-23:639 and employers shall be obligated to pay the said amounts to the trust funds, trustees, or other obligees to whom such payments shall be due and owing in the same manner and subject to the same penalties for nonpayment and the same provisions as to collection and enforcement by the said obligees as apply to ordinary wages under R.S. 23:631-23:639.

41.

Local 60, as collective bargaining agent for KSK's employees, is authorized to demand and collect the unpaid wages owed as Vacation Fund contributions due and owing to the KSK employees.

**COUNT FOUR**
**BREACH OF FIDUCIARY DUTY**

Plaintiffs repeat and reiterate all the allegations previously set forth herein.

42.

The Funds have a contractual right to collect unpaid monthly employer contributions as these are assets of the Funds.

43.

Defendant, Kerry Dixon as president and owner of KSK Plumbing Mechanical, LLC exercised authority and control over Fund assets, specifically unpaid monthly employer

11

contributions to the Funds. Kerry Dixon is liable individually and as a fiduciary of the Funds pursuant to §3 (21)(A) of ERISA, 29 U.S.C. §1002 (21)(A).

44.

KSK Plumbing Mechanical, LLC continues to operate and work in covered employment. Dixon continues to act in all respects as KSK Plumbing Mechanical, LLC with respect to all of its business operations, including its contractual relationship with local 60 and the Funds.

45.

KSK Plumbing Mechanical, LLC and Kerry Dixon are liable for unpaid contributions, accruing contributions, liquidated damages, interest, and costs in accordance with §502 and 515 of ERISA, 29 U.S.C. §1132 and 1145, and §301 of the LMRA, 29 U.S.C. §185, §3 (21)(A) of ERISA, 29 U.S.C. §1002 (21)(A). KSK is further liable for failure to pay wages pursuant to LSA R.S. §23:640.

46.

The Funds are entitled to recover all costs incurred in exacting compliance under the Working Agreement, Plan Documents, and Trust Agreements, including the actual costs of the audit, attorneys' fees, and costs of the litigation.

47.

A copy of this complaint is being served upon the Secretary of Labor and Secretary of Treasury by certified mail as required by §502(H) of ERISA, 29 U.S.C. §1132(H).

**WHEREFORE, Plaintiffs pray for judgment as follows:**

That the Court declare KSK Plumbing Mechanical, LLC and Kerry Dixon liable to the Funds for all unpaid fringe benefit contributions, plus interest and liquidated damages, due and owing to each Fund for hours worked by covered employees employed by KSK throughout the term of

the CBA and find for the Plaintiffs granting the following in accordance with §502 and 515 of ERISA, 29 U.S.C. §1132 and 1145, and §301 of the LMRA, 29 U.S.C. §185:

a)   Payment of all unpaid contributions, accruing contributions and deferred compensation owed to the Funds due and owing for all hours worked by covered employees employed by KSK throughout the term of the CBA;

b)   Payment of late fees/interest in accordance with the Working Agreement and the Funds' Procedures;

c)   Payment of liquidated damages in accordance with ERISA, the Working Agreement, and the Funds' Procedures;

d)   Payment of vacation deductions and union dues;

e)   Permitting the Funds to conduct an audit of KSK's payroll and other relevant documents and records at KSK's cost, covering the period from July 2, 2017 to present;

f)   That Defendants KSK Plumbing Mechanical, LLC and Kerry Dixon be enjoined from failing to pay contributions and making reports to the Funds and Local 60 in the manner required by the applicable CBA.

g)   Awarding the Funds reasonable attorneys' fees and costs of the litigation, including all costs of the audit; and

h)   Awarding the Funds any and all other legal or equitable relief to which they are entitled and that this Court deems appropriate.

Respectfully submitted,

**ROBEIN, URANN,
SPENCER, PICARD & CANGEMI, APLC**

s/ Laura Cline
Louis L. Robein (LA Bar No. 11307)
Laura Cline (LA Bar No. 37074)
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
Telephone:  (504) 885-9994
Facsimile:   (504) 885-9969
Email:  lrobein@ruspclaw.com
Email:  lcline@ruspclaw.com

*ATTORNEYS FOR PLAINTIFFS*

**PLEASE SERVE:**

KSK Plumbing Mechanical, LLC
Through its Registered Agent
Kerry Dixon
3650 Airline Drive, Suite B
Metairie, Louisiana 70001

Kerry Dixon, Owner
KSK Plumbing Mechanical, LLC
3650 Airline Drive, Suite B
Metairie, Louisiana 70001

14

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a copy of the foregoing Complaint has been served by certified mail,

as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29

U.S.C.§1132(h) this 28th day of June, 2018 on the following:

Steven Mnuchin                                    R. Alexander Acosta
Secretary of the Treasury                         Secretary of Labor
15th and Pennsylvania Avenue, N.W.                U.S. Department of Labor
Washington, DC  20220                             200 Constitution Avenue, N.W.
                                                  Washington, DC  20002


                                                  s/ Laura Cline
                                                  _____